J-S26044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
JERRY RANSOME, :
:
          Appellant : No. 725 EDA 2015

Appeal from the Judgment of Sentence June 21, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0006515-2007

BEFORE: OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED MAY 16, 2016**

Jerry Ransome (Appellant) appeals from the judgment of sentence entered following his convictions for second-degree murder, robbery, aggravated assault, conspiracy to commit robbery, possession of instruments of a crime, and multiple violations of the Uniform Firearms Act. We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> On October 3, 2006, at approximately 9:20 pm, Gary Roemhild, Kevin Roemhild, Keith Pena and the decedent, Michael Thierry, were standing on the front steps of 1500 Rosalie Street, where Gary rented an apartment. As the complainants were conversing with each other, [Appellant] and his cohorts, all of whom were armed, approached them.
>
> Sensing that a robbery was about to occur, Gary attempted to run inside. He could not open the door before [Appellant's] brother, Isaiah Ransome, who was holding a handgun, grabbed Gary and demanded that he empty his

---

* Retired Senior Judge assigned to the Superior Court.

pockets. Keith Pena was standing on the steps next to Gary. Appellant, who brandished a .32 caliber revolver, robbed Pena. Kevin Roemhild and Michael Thierry were at the bottom of the steps, near the pavement. Eric Gales pointed a .22 caliber rifle at Kevin Roemhild's head during the robbery. Sean Gordine confronted Michael Thierry.

Gary, Keith and Kevin each gave up their money, wallets and cell phones. Michael Thierry dropped his keys and cell phone and ran. At that point, all four defendants turned toward Thierry and started shooting. Thierry was shot in the head and groin and collapsed near the intersection of Rosalie and Horrocks Streets. As they fled, the defendants turned their weapons on the surviving victims and fired multiple gunshots at them.

Police arrived on scene within a few minutes. They found Thierry lying in the street. Thierry was taken to the hospital, where he died three days later.

Over the next several months, homicide detectives interviewed the victims and spoke with several witnesses. One of those witnesses was [Appellant's] brother, Jamil Ransome. Jamil gave information to the police that implicated both of his brothers and Gordine.

Following his arrest, [Appellant] voluntarily gave a statement to police admitting his involvement in the robbery and shooting. Appellant told police that his gun went off accidentally.

At trial, the surviving victims and multiple bystanders who observed the robbery and subsequent shooting positively identified [Appellant] as one of the shooters. The Commonwealth also presented testimony from several police officers and the medical examiner, ballistics evidence linking the defendants to the crime, inculpatory statements and letters [Appellant] made after the shooting, and a cell phone video depicting all four defendants playing Russian roulette with a .32 caliber handgun. Appellant did not have a license to carry a firearm.

\*\*\*

- 2 -

The defendants were jointly tried by jury before the Honorable Carolyn Engle Temin. [Appellant was 17 years old at the time of the incident. He was tried as an adult along with his co-defendants.] On June 13, 2008, the jury returned a partial verdict finding all four defendants not guilty of first degree murder, but deadlocking on the remaining charges.

A second jury trial was set to commence in May of 2009. Prior to the start of trial, the Commonwealth asked Judge Temin to reconsider several evidentiary rulings she had made prior to [Appellant's] first trial. Specifically, the Commonwealth sought the introduction of cell phone records and writings made by one or more of the defendants that had been ruled inadmissible at the previous trial. Judge Temin denied the Commonwealth's Motion to Reconsider. The Commonwealth appealed Judge Temin's ruling to the Pennsylvania Superior Court, which vacated her order. On March 31, 2011, defense counsel filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court. This Petition was denied on June 2, 2011. Appellant's case was then scheduled for retrial.

On December 14, 2012, at the conclusion of a second jury trial, the jury found [Appellant] guilty of second degree murder, three counts of robbery (F-1), three counts of aggravated assault (F-1), criminal conspiracy, possession of an instrument of crime (PIC) and violating §§ 6106 and 6108 of the Uniform Firearms Act.

[Judge Temin retired prior to sentencing Appellant. Appellant's case was then assigned to the Honorable Benjamin Lerner.] On June 21, 2013, following a lengthy hearing, [Judge Lerner] sentenced [Appellant] to thirty-five (35) years to life imprisonment on the second degree murder bill and concurrent prison terms of five (5) to ten (10) years on the robbery and conspiracy bills [] and two-and-a-half (2½) to five (5) years on the § 6106 bill. The court also imposed a prison term of five (5) to ten (10) years for each aggravated assault bill (these sentences were ordered to run concurrently to each other but consecutively to the murder). No further penalty was imposed on the remaining bills. Appellant's total aggregate sentence was forty (40) years to life.

Appellant filed post-sentence motions, which were denied by [the] court on July 5, 2013. Appellant thereafter filed a

timely appeal. The appeal was dismissed because [Appellant] failed to file a docketing statement pursuant to Pa.R.A.P. 3517.

On February 18, 2015, [the] court granted [Appellant's] request to have his direct appeal rights reinstated *nunc pro tunc*. This timely appeal followed. [Both Appellant and the trial court complied with Pa.R.A.P. 1925.]

Trial Court Opinion, 8/7/2015, at 1-4 (citations to notes of testimony and footnotes omitted).

Before we address the issues Appellant raises in his brief, we consider the impact of Appellant's non-compliance with the appellate briefing requirements. Rule 2101 of our Rules of Appellate Procedure provides that an appellant's brief "shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. In particular, the argument section of an appellate brief shall include "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Further, "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c). Additionally, "[w]hen the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the

evidence on the point, with a reference to the place in the record where the evidence may be found" and "[w]here under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto[.]" Pa.R.A.P. 2119(d), (e). Appellant's brief fails to comport with these rules. However, we decline to dismiss the appeal "outright" or "in its entirety" and instead will consider whether each issue is sufficiently developed to avoid waiver.

In his first issue, Appellant argues that the trial court erred "by allowing the Commonwealth to repeatedly engage in prosecutorial misconduct in the presence of the jury despite several warnings." Appellant's Brief at 7. In support of his argument, Appellant lists eight examples of alleged misconduct and/or the trial court's response thereto (some with pinpoint citations to the record, some without), the cumulative effect of which, he alleges, should result in a new trial. *Id.* at 7-8. Appellant then cites to case law outlining the duties of a prosecutor. *Id.* at 8. Appellant's argument on this point fails to comply with the requirements of Pa.R.A.P. 2119(a) and (d). Notably absent from his argument on this point is any actual argument, including, but not limited to, the relevant standard under which this Court is to review and resolve claims of prosecutorial misconduct. *See e.g. Commonwealth v. Holley*, 945 A.2d 241 (Pa. Super. 2008);

***Commonwealth v. Judy***, 978 A.2d 1015, 1019–1020 (Pa. Super. 2009). This Court has emphasized that it is the obligation of the appellant to present arguments that are sufficiently developed for our review. ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012). "We will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** (quotation omitted). Accordingly, we find this claim waived.

Appellant next contends that the trial court erred in denying his motion to suppress his statement to police. Appellant's Brief at 10-11. This argument suffers from the same deficiencies as the first: although Appellant claims that his constitutional rights were violated, he fails to develop this claim in any meaningful way, either by citation to authorities outlining this Court's standard for reviewing denials of suppression motions or to the record itself. Moreover, as the Commonwealth points out, Appellant has failed to ensure that a transcript of the suppression hearing at issue was included in the certified record in violation of Pa.R.A.P. 1911, 1921-1923.[1] Commonwealth's Brief at 18. Accordingly, we are constrained to find this claim waived.

Similarly, Appellant's third claim, in which he contends that the trial court erred in denying his motion *in limine* regarding physical evidence seized from his jail cell, and his fourth, in which he argues that the trial court erred in allowing the admission of a cell phone video at trial, are

---

[1] The record reflects that Appellant requested his trial transcript, but did not request transcription of the May 2008 suppression hearing.

waived due to his failure to present any meaningful argument on either point, his failure to provide any citations to the record or to relevant case law, and, to the extent that either of these claims was raised at the suppression hearing (a fact that is unclear because of Appellant's total failure to provide citations to the record to support his boilerplate arguments), his failure to provide this Court with the relevant notes of testimony.

Appellant's fifth issue is a single-sentence challenge to the legality of his sentence: "Act 204 of 2012 is unconstitutional in that the original purpose of the proposed legislation (i.e., Senate Bill 850) was substantively altered/amended during the legislative process in direct and clear violation of Article III, Section 1 of the Pennsylvania Constitution." Appellant's Brief at 14. Once more, because he has failed to provide meaningful argument on this point, we determine Appellant has waived this claim. However, as the trial court aptly noted:

> In **Commonwealth v. Booker**, 103 A.2d 325 (Pa. Super. 2014), the defendant unsuccessfully raised the same issue. Booker was convicted of first degree murder and related offenses. On appeal, he argued that the statute governing murder sentences for offenders under age 18 violated the original purpose clause of the state constitution. The Superior Court rejected Booker's claim after considering the bill in question, its purposes and the circumstances underlying the legislature's decision to amend the original bill. The Court stated:
>
> > The original bill, S.B. 850 was to create new offenses regarding cyber bullying and sexting by minors, modify expungement for, exclude the public from, and create referrals to alternative adjudication

programs following hearings regarding summary offenses by minors, and create a presumption of indigency in juvenile division proceedings. Whereas the final version of the bill modified expungement requirements for underage drinking and summary offenses by minors, created the new Section 1102.1 and enacted a new chapter in the Crimes Code to create an "Office of the Victim Advocate" to advocate for juvenile crime victims. The final bill also excluded the public from juvenile summary offense hearings, created referrals to alternative adjudication programs for juvenile summary offenses, eliminated juvenile summary offenses as a basis for dependency, and established five-year intervals for parole applications for juvenile sentences under Section 1102.1.

*Id.* at 335. (citations omitted).

The Court noted that both the original and final version of the bill dealt with amending existing juvenile law. With regard to the purpose of the amendment in issue, Section 1102.1, it was added in response to the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. ---, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding that a statute requiring a mandatory life sentence without the possibility of parole for a juvenile convicted of first or second degree murder violates the Eighth Amendment's prohibition of cruel and unusual punishment). *Id.*

Although [Appellant] was convicted of second degree murder, he was sentenced under the same statute as Booker. That statute and the manner in which it was passed present no constitutional violations. Accordingly, this claim has no merit.

Trial Court Opinion, 8/7/2015, at 18-19. Accordingly, even if Appellant's claim had been preserved properly, he would not be entitled to relief.

In his sixth issue, Appellant challenges the timing of an interlocutory appeal filed by the Commonwealth. His argument on this point is as follows.

In response to the trial court's aforesaid June 4, 2008 order partially granting [Appellant's] motion *in limine*, the

- 8 -

Commonwealth filed an interlocutory appeal on May 26, 2009. Accordingly, because that filing was well beyond the thirty day mandate pursuant to Pa.R.A.P. 903(a) and because no extraordinary circumstances existed for that delay, such filing was untimely despite the February 1, 2011 Superior Court order granting the Commonwealth's appeal.

Appellant's Brief at 15.

A panel of this Court has previously determined that "the Commonwealth had a right to seek reconsideration of the original motion-*in-limine* order, and also to file the instant appeal from that order," and addressed on the merits the substantive issues raised by the Commonwealth. ***Commonwealth v. Ransome***, 24 A.3d 441, at *15 (Pa. Super. 2011) (unpublished memorandum). It is well-settled that "[a]mong the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter[.]" ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995). Accordingly, as the prior decision of this Court is the law of the case, and therefore binding on the trial court, Appellant is not entitled to relief on this issue.

In his final claim, Appellant asserts a boilerplate, undeveloped challenge to the weight and sufficiency of the evidence. Appellant's Brief at unnumbered page after 15. Appellant makes no attempt to differentiate between these two concepts. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (delineating the distinctions between a challenge to

the sufficiency of the evidence and a claim that a verdict is against the weight of the evidence).

With respect to sufficiency-of-the-evidence claims, it is well-settled that the 1925(b) statement must specify the element or elements upon which the evidence was insufficient, or the claim may be waived. *Commonwealth v. Williams*, 959 A.2d 1252, 1257-58 (Pa. Super. 2008). In his 1925(b) statement, and on appeal, Appellant merely asserts general sufficiency challenges for each of his twelve convictions, and fails to specify which element or elements of each crime he is challenging. Appellant's Brief at unnumbered page after page 15; Appellant's Concise Statement, 4/13/2015. We reiterate that this Court will not act as counsel and will not develop arguments on behalf of an appellant. *In re R.D.*, 44 A.3d at 674. Accordingly, we are constrained to find Appellant's sufficiency-of-the-evidence claims waived.

We turn next to Appellant's weight-of-the-evidence challenge.

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus,

appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

Appellant's argument is woefully undeveloped as to this point, and is therefore waived. Moreover, the trial court determined that, due to the overwhelming evidence of Appellant's guilt, the verdict was not against the weight of the evidence. Trial Court Opinion, 8/7/2015, at 5-10. We have reviewed the record and discern no abuse of discretion in the trial court's finding. ***Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (2009) (holding that a "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.") Accordingly, even if Appellant had preserved properly his weight claim, it would merit him no relief.

For all of the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2016

- 11 -